## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AYMAN AISHAT
    2124 Channel Islands Drive
    Allen, TX 75013,

  Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY
    Department of Homeland Security
    Washington, D.C. 20528;

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES
    111 Massachusetts Avenue NW
    MS 2260
    Washington, D.C. 20529;

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT
    500 12th Street SW
    Washington, D.C. 20536;

KIRSTJEN NIELSEN, Secretary, U.S.
Department of Homeland Security
    Department of Homeland Security
    Washington, D.C. 20528;

L. FRANCIS CISSNA, Director,
U.S. Citizenship and Immigration Services
    20 Massachusetts Avenue NW
    MS 2260
    Washington, D.C. 20529;

THOMAS D. HOMAN, Deputy Director
Performing the Duties of Director, U.S.
Immigration and Customs Enforcement
    500 12th Street SW
    Washington, D.C. 20536,

  Defendants.

Case No:   18-CV-143

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Ayman Aishat ("Mr. Aishat" or "Plaintiff"), sues the U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), Kirstjen Nielsen, L. Francis Cissna, and Thomas D. Homan and states the following:

### INTRODUCTION

1.      This action is filed by Plaintiff Ayman Aishat, challenging Defendants' arbitrary and unlawful denial of Plaintiff's request for information brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a.

2.      On December 9, 2011 Plaintiff, a lawful permanent resident ("LPR") of the United States, filed a request under FOIA and the Privacy Act with USCIS for any and all records in the agency's possession regarding his application for naturalization as a U.S. citizen and other related documents.  USCIS responded to Plaintiff's request on August 23, 2012 by providing a cover letter and a disc containing 38 completely blank pages.  USCIS's cover letter justified its refusal to provide any information, including Mr. Aishat's Form N-400, Application for Naturalization, by claiming various exemptions under the Privacy Act and FOIA and referring pages to U.S. Immigration and Customs Enforcement.  Plaintiff timely appealed USCIS's decision and the agency upheld its decision in full on October 29, 2012.

3.      On March 25, 2014 ICE issued a decision that withheld all of the pages referred to ICE by USCIS.  ICE justified its decision by claiming various exemptions under the Privacy Act and FOIA.  Plaintiff appealed ICE's decision on May 23, 2014 and the agency remanded Plaintiff's request to the ICE FOIA office on June 19, 2014.  From June 19, 2014 to the present ICE has failed to provide Plaintiff with any information in response to his information request.

3.      By failing to provide documents responsive to Plaintiff's request Defendants have violated Plaintiff's statutory rights to the requested information. Moreover, Defendants' actions constitute arbitrary and capricious action in violation of the Administrative Procedure Act ("APA").

4.      Plaintiff respectfully requests that the Court grant his request for injunctive and declaratory relief and attorneys' fees, and all other relief the Court deems proper.

## JURISDICTION

5.      This Court has subject matter jurisdiction under 5 U.S.C. § 552a(g)(1) and 5 U.S.C. § 552(a)(4)(B).   This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as the matter arises under the laws of the United States, particularly the Privacy Act, FOIA, APA, and the attendant regulations.   This action is also brought under 28 U.S.C. § 1346 (United States as a defendant), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

6.      Plaintiff has exhausted all mandated administrative remedies.

## VENUE

7.      Venue properly lies in the District of Columbia pursuant to 5 U.S.C. § 552a(g)(5) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      Plaintiff Ayman AISHAT is a citizen of Jordan and lawful permanent resident of the United States who filed a request for information with USCIS under the Privacy Act and FOIA.

9.      Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is the cabinet-level federal parent agency of USCIS and ICE, and as such is the agency ultimately responsible for the for the adjudication of Plaintiff's information request.   DHS is an agency

within the meaning of 5 U.S.C. § 552(f)(1).

10.     Defendant U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"), a subdivision of DHS, withheld documents in response to Plaintiff's FOIA and Privacy Act request. USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

11.     Defendant U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"), a subdivision of DHS, withheld documents referred by USCIS in response to Plaintiff's FOIA and Privacy Act request.  ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

12.     Defendant Kirstjen NIELSEN is the Secretary of DHS. She is sued in her official capacity. As the Secretary of DHS, she oversees and has ultimate responsibility for the actions of USCIS and ICE in the adjudication of Plaintiff's information request.

13.     Defendant L. Francis CISSNA is the Director of USCIS. He is sued in his official capacity. In his capacity as Director, he has the ultimate responsibility within USCIS for adjudicating Plaintiff's information request.

14.     Defendant Thomas D. HOMAN is the Deputy Director Performing the Duties of Director of ICE. He is sued in his official capacity. In his capacity as Deputy Director Performing the Duties of Director, he has the ultimate responsibility within ICE for adjudicating Plaintiff's information request.

## REQUESTS FOR RECORDS UNDER THE PRIVACY ACT AND FOIA

15.     The Privacy Act governs the government's collection and dissemination of information and maintenance of its records and allows individuals to gain access to government records that pertain to them, and to request correction of inaccurate records.

16.     Upon request by any individual to gain access to his or her records or to any other pertinent information contained in the government's system, the government must permit the

individual and a person of his or her choosing to review the record and have a copy made. 5 U.S.C. § 552a(d)(1).

17.    The government's duty to disclose information is subject to specific exemptions under the Privacy Act.  *See* 5 U.S.C. § 552a(k)

18.    Like the Privacy Act, the FOIA requires that the government disclose information upon request, with nine specific exemptions to disclosure.  *See* 5 U.S.C. § 552(b).

19.    However, under both the Privacy Act and the FOIA, an agency may exempt documents "specifically authorized . . . by an Executive order to be kept secret in the interest of national defense or foreign policy," but only if "properly classified pursuant to such Executive order."  5 U.S.C. § 552(b)(1); 5 U.S.C. § 552a(k)(1).

20.    A government agency must properly respond to a Privacy Act or FOIA request even if it believes that the information requested is exempt from disclosure.

21.    Where an agency fails to comply with the Privacy Act, FOIA, or applicable regulations, a federal district court may enjoin the agency from withholding agency records and order the production of any agency records improperly withheld.  5 U.S.C. § 552a(g)(3)(A); 5 U.S.C. § 552(a)(4)(B).

22.    A court reviews the matter *de novo*, and may examine the contents of agency records *in camera* to determine whether the records at issue or any part thereof fall within an applicable exemption.  *Id.*

23.    The burden is on the agency to sustain its action.  *Id.*

### STATEMENT OF FACTS

24.    Plaintiff filed a FOIA and Privacy Act request with USCIS on December 9, 2011 (file no. NRC2011119538) which sought any and all records related to Plaintiff's application for

naturalization as a U.S. citizen, evidence and written records regarding Plaintiff's alleged membership or affiliation with the Holy Land Foundation ("HLF"), and records obtained by USCIS from other government agencies regarding Plaintiff.

25.     USCIS responded to Plaintiff's request on August 23, 2012 by providing 38 completely blank pages.  The agency referred 31 pages to another government agency and withheld 7 pages based on exemptions under the Privacy Act and FOIA.  Although USCIS's cover letter stated that only 13 pages were referred to another agency, there were a total of 31 blank pages marked "Referred to another gov't agency."

26.     Specifically, USCIS claimed that the withheld pages were exempt under 5 U.S.C. § 552a(d)(5) (documents compiled in anticipation of civil litigation), § 552a(k)(2) (investigatory material compiled for law enforcement purposes), § 552(b)(5) (inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency), § 552(b)(7)(C) (investigatory material compiled for law enforcement purposes), and § 552(b)(7)(C) (documents which could reasonably be expected to constitute an unwarranted invasion of personal privacy), and § 552(b)(7)(E) (documents which would disclose techniques and procedures for law enforcement investigations or prosecutions).

27.     Plaintiff filed a timely appeal of USCIS's decision and the agency upheld its decision in full on October 29, 2012.

28.     On March 25, 2014 ICE responded to Plaintiff's request with regard to pages that USCIS referred to the agency (file no. 2013FOIA2688).  ICE's cover letter stated that 16 pages were referred to the agency by USCIS.  The letter also stated that 16 pages were "provided by DIA."  Plaintiff does not know if this reference to "DIA" is a typographical error meant to refer to the documents provided by USCIS, or if it refers to additional documents provided to ICE by

the Defense Intelligence Agency or another agency that uses the acronym "DIA."  Plaintiff also

does not know why there is a discrepancy in the number of pages referred to another government

agency as stated in USCIS's cover letter (13 pages), the amount of pages marked as referred in

the actual FOIA response (31 pages), and the amount of pages stated as referred from USCIS in

ICE's letter (16 pages).

29.    ICE withheld all of the pages referred to the agency based on exemptions under 5

U.S.C. § 552a(k)(1) (documents classified under an Executive Order issued by the President), §

552a(k)(2), § 552(b)(1) (documents classified under an Executive Order issued by the President),

§ 552(b)(6) (personnel and medical files the disclosure of which would constitute an

unwarranted invasion of personal privacy), § 552(b)(7)(C), and § 552(b)(7)(E).

30.    Plaintiff filed a timely appeal of ICE's decision on May 23, 2014.  In response

ICE remanded Plaintiff's request to the ICE FOIA office for further consideration on June 19,

2014, but no decision has been forthcoming in almost four years.

## CLAIMS FOR RELIEF

## COUNT I: FAILURE TO FULFILL PRIVACY ACT AND FOIA OBLIGATIONS
### (All Defendants)

31.    Plaintiff incorporates paragraphs 1 through 30 as if fully stated in this Count.

32.    Under the Privacy Act and FOIA, Defendants have an obligation to allow Plaintiff

access to his individual records and any other related information contained in the government's

system.

33.    Defendants failed to produce documents responsive to Plaintiff's request, and

failed to adequately describe the search conducted.

34.    By failing to produce responsive documents to Plaintiff's request, Defendants

willfully and intentionally violated the Privacy Act and FOIA by, at a minimum:

a.  Withholding agency records;

b.  Failing to conduct a reasonable search for Plaintiff's records.  5 U.S.C. § 552(a)(3)(C);

c.  Failing to disclose information to the individual to whom the record pertains. 5 U.S.C. § 552a(b)(2);

d.  Failing to make the requested records promptly available to Plaintiff.  5 U.S.C. § 552(a)(3)(A);

e.  Failing to permit Plaintiff and a person of his choosing to review the record, have a copy made, and if necessary, request amendment of the record.  5 U.S.C. § 552a(d)(1)-(2);

f.  Failing to adequately inform Plaintiff of the agency determination and the reasons thereof.  5 U.S.C. § 552(a)(6)(A)(i)(I);

g.  Failing to take reasonable steps to segregate and release nonexempt information from any exempt information.  5 U.S.C. § 552(a)(8)(A)(ii)(II).

35.  As a result of Defendants' actions, Plaintiff has suffered concrete and particularized harm and damages, including but not limited to violation of Plaintiff's statutorily protected right to the requested information, right to review and request amendment to pertinent records, and attorneys' fees and costs incurred to bring the instant litigation.

## COUNT II: ARBITRARY AND CAPRICIOUS AGENCY ACTION
### IN VIOLATION OF THE APA
#### (All Defendants)

36.  Plaintiff incorporates paragraphs 1 through 30 as if fully stated in this Count.

37.  The APA is codified at 5 U.S.C. § 500 *et seq*., and § 701 *et. seq*., and encompasses the FOIA (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a).

38.  Pursuant to 5 U.S.C. § 706(1), a federal court properly "compel[s] agency action

unlawfully withheld or unreasonably delayed."

39.    Pursuant to 5 U.S.C. § 706(2)(A)-(D), a federal court properly sets aside agency action deemed arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or without observance of procedure required by law.

40.    Defendants practices, policies, conduct, and failures to act as alleged in this Complaint violate the APA because Defendants:

a.    Failed to produce documents responsive to Plaintiff's request;

b.    Arbitrarily and erroneously narrowed the scope of Plaintiff's request;

c.    Failed to explain the reasons for concluding that the information requested is properly classified and/or exempt from disclosure.

41.    Accordingly, Defendants' conduct, interpretations of law, and refusal to provide documents responsive to Plaintiff's request violates the APA and should be set aside pursuant to 5 U.S.C. § 706(2).

42.    The Court should compel disclosure of the information requested or other appropriate agency action pursuant to 5 U.S.C. § 706(1).

### ATTORNEYS' FEES

43.    As a result of Defendants' unlawful actions, Plaintiff was required to retain legal counsel and to pay counsel reasonable attorneys' fees.

44.    Pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412, and under 5 U.S.C. § 552(a)(4)(E)(i) and § 552a(g)(3)(B), Plaintiff is entitled to recover costs, expenses, and fees because Defendants' actions are not and have not been

substantially justified.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Ayman Aishat respectfully requests that the Court enter judgment in his favor and:

a.  Declare, pursuant to 5 U.S.C. § 702 *et seq.* and 28 U.S.C. § 2201, that Defendants' decisions violate the Privacy Act, FOIA, and the APA;

b.  Issue an injunction requiring Defendants to provide Plaintiff with unredacted copies of all the documents responsive to Plaintiff's Privacy Act and FOIA request, and to permit Plaintiff and an individual of his choosing an opportunity to review the records and have a copy made;

c.  Award Plaintiff his costs and attorneys' fees;

d.  Grant such other relief as the Court may deem just, equitable, and proper.


Dated: January 22, 2018                    Respectfully submitted,

                                           /s/ Ira J. Kurzban
                                           Ira J. Kurzban, Esq.
                                           D.C. Bar No. 1031506
                                           ira@kkwtlaw.com
                                           KURZBAN, KURZBAN, WEINGER,
                                           TETZELI & PRATT, P.A.
                                           2650 S.W. 27th Avenue, 2nd Floor
                                           Miami, FL 33133
                                           Tel: (305) 444-0060
                                           Fax: (305) 444-3503
                                           *Counsel for Plaintiff*